**O. B. CROCKER and Jon A. Crocker, Administrator of the Estate of Ora Crocker, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. WC 6958-S.

United States District Court,
N. D. Mississippi, W. D.

Feb. 22, 1971.

---

See also D.C., 51 F.R.D. 155.

Armis E. Hawkins, Houston, Miss., J. Kearney Dossett, Charles L. Brocato, of Dossett, Magruder & Montgomery, Jackson, Miss., for plaintiffs.

H. M. Ray, U. S. Atty., Oxford, Miss., Jack D. Warren, C. G. Barnett, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

As the result of an examination by the agents of the Internal Revenue Service (Agents) of the income tax liabilities of O. B. Crocker and his wife, Ora Crocker, now deceased, (Taxpayers) for the taxable years 1956–1961, inclusive, the District Director of Internal Revenue (Director) on October 27, 1967, issued a thirty-day letter to taxpayers notifying them of the findings of the Agents with regard to the tax liabilities of Taxpayers for the years under audit. The letter offered Taxpayers an opportunity to file formal protest setting forth disputed items contained in the Agents' report. A formal protest was filed on December 4, 1967, requesting a District conference. A final conference agreement was reached for the closing of the case, and the Director forwarded Taxpayers a closing letter, dated August 21, 1968, setting forth the closing agreement. Upon receipt of the letter Taxpayers paid the taxes, penalties and interest as set forth in the letter.

Attorneys for Taxpayers advised the Conferee at the time the closing agreement was reached that Taxpayers would probably file claims for refund.

In September, 1968, claims for refund for overpayment of the taxes, penalties and interest for the years in issue were filed by Taxpayers. They were notified of the disallowance of the claims in April, 1969, and, in July, 1969, Taxpayers filed the complaint herein.

Subsequent to the filing of the answer by Defendant, the court scheduled a status report of the case preparatory to placing the action on the trial docket for the May, 1970 session of the court at Oxford. At this conference, it was made known to the court that counsel for Defendant had other trial commitments which precluded the setting of the action for trial at the May session of the court. The action was carried over for setting at the December session.

At a second status hearing in August, 1970, a pre-trial order was entered by the court providing that all discovery in the action should be completed by December 1, 1970; that a pre-trial order should be submitted to the court by counsel not later than December 10, and that the action would be tried at the December session beginning on December 16.

In the midst of trial preparation by the parties, in mid-November, 1970, counsel for defendant made known to counsel for Taxpayers that defendant had under consideration the issuance of a notice of deficiency to Taxpayers covering all of the taxable years involved in the action sub judice, reversing the factual findings of the District Conferee and determining additional taxes and penalties for the years in question based upon such reversal. On December 2, 1970, counsel for Defendant advised counsel for Taxpayers that the notice of deficiency mentioned above would be issued. On December 3, 1970 counsel for Taxpayers notified counsel for Defendant that Taxpayers would present to the court on December 4, 1970, a motion for a temporary restraining order prohibiting the issuance of the notice of deficiency. The motion was presented to the court, and the temporary restraining order was issued at approximately 10:45 a. m. However, at 8:00 a. m. on December 4, 1970, defendant placed in the mails at Jackson, Mississippi the notice of deficiency, addressed to Taxpayers at their Post Office Address Bruce, Miss. 38915. The notice was received by Taxpayers on the morning of December 5, 1970. The restraining order was served at 3:00 p. m. on December 4, 1970.

Taxpayers on December 9, 1970, filed an amended motion and application for preliminary and permanent injunction to enjoin defendant to withdraw the notice of deficiency, and desist from issuing any other notice covering the years involved in the action sub judice. Subsequently on December 11, 1970 Taxpayers filed the second amendment to the motion above mentioned setting forth additional grounds for the issuance of the injunction aforesaid.

Defendant on December 11, 1970 filed a motion for a stay of the proceedings herein, pursuant to the provisions of 26 U.S.C. § 7422(e).[1]

---

1. 26 U.S.C. § 7422(e) provides:
   "Stay of proceedings.—If the Secretary or his delegate prior to the hearing of a suit brought by a taxpayer in a district court or the Court of Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the Court of Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit, or intervene in the event of a suit as described in subsection (c) (relating to suits against officers or employees of the United States), within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise expired. The taxpayer shall have the burden of proof with respect to the issues raised by such counterclaim or intervention of the United States except as to the issue of whether the taxpayer has been guilty of fraud with intent to evade tax. This subsection shall not apply to a suit by a taxpay-

The motions of the parties were supported by affidavits. The court heard the motions and argument of counsel at Oxford on December 11, 1970. The court cancelled the trial setting of the case, and has held the same in abeyance, pending a determination of the court's authority to preliminarily or permanently enjoin the Internal Revenue Service from issuing the notice of deficiency to Taxpayers covering the taxable years involved in this action.

The court has considered the motions in light of the record and affidavits filed by the parties, and now makes its decision on the issues presented.

Taxpayers contend that Defendant is foreclosed from issuing a notice of deficiency covering the years in question by the closing agreement made at the district conference by the District Conferee.

The Internal Revenue Service's procedural rules establish an announced policy that the Service will not reopen any case closed after an examination by a district office to make an adjustment unfavorable to the taxpayers unless,

"1. There is evidence of fraud, malfeasance, collusion, concealment or misrepresentation of a material fact; or

2. The prior closing involved a clearly defined substantial error based on an established Service position existing at the time of the previous examination; or

3. Other circumstances exist which indicate failure to reopen would be a serious administrative omission." [2]

Taxpayers reached an understanding with the District Conferee and paid the taxes, penalties and interest established by the agreement. Taxpayers contend that by entering into the agreement and accepting payment of the taxes, penal-

ties and interest Defendant is estopped from reopening the case for the taxable years in question unless such is done pursuant to Regulation Rev.Proc. 68–28 aforesaid. Defendant does not contend that there exists evidence that fraud, malfeasance, collusion, concealment or misrepresentation of a material fact was practiced by Taxpayers at the conference, or that the prior closing agreement involves a clearly defined substantial error based on an established Service position existing at the time of the previous examination, or that there are other circumstances existing which indicate that failure to reopen the case will result in a serious administrative omission. Thus, Taxpayers argue that the Director is without authority to reopen the case and issue the notice of deficiency.

The Defendant contends that Rev. Proc. 68–28 as a revenue procedure does not have the effect of law and does not bind Defendant or foreclose the Director's authority to issue the notice. In addition, Defendant contends that Taxpayers reopened the case by filing claims for refunds and bringing suit therefor, after the claims were denied. Defendant argues that if Defendant is bound by the closing agreement, Taxpayers are likewise bound, and, since they have reopened the case, Defendant is at liberty to issue the notice of deficiency.

■ Procedural rules, such as Rev. Proc. 68–28, are directory and not mandatory in legal effect and they do not curtail the power conferred upon the Secretary of the Treasury or his delegate by 26 U.S.C.A. § 6212, to send a notice of deficiency if the Secretary or his delegate determines that there is a deficiency in the tax shown on the taxpayer's return. [3] Luhring v. Glotzbach, 304 F.2d 560 (4 Cir. 1962). See Cleveland

er which, prior to the date of enactment of this title, is commenced, instituted, or pending in a district court or the Court of Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes)."

2. Rev.Proc. 68–28, 1968.2, Cum.Bull. 912; 26 CFR 601.105.

3. 26 U.S.C.A. § 6212 provides, in its pertinent parts:
"(a) In general.—If the Secretary or his delegate determines that there is a de-

Trust Company v. United States, 421 F. 2d 475 (6 Cir. 1970).[4]

It has been stated that "the objective of the district conference procedure is to give taxpayers a greater opportunity to reach an early agreement with respect to disputed items arising from office and field audits".[5]

■ It appears that a taxpayer would suffer an injustice if the Internal Revenue Service is permitted to reopen a case once it has been closed by an agreement at a district conference and the taxpayer has accepted the settlement and has paid the tax. However, when the taxpayer rejects the agreement, files a claim for refund, and, upon its denial, brings suit against the United States to recover the taxes, as having been erroneously paid, the court can see no injustice to the taxpayer by permitting the United States to reopen the case and issue a notice of deficiency. Otherwise the matter would be a one-way street.

The court is, therefore, of the opinion that Rev.Proc. 68–28, supra, does not act to prohibit the Director from issuing the notice of deficiency aforesaid.

■ The Taxpayers contend that the claim for additional taxes must be made in the action sub judice, by way of counterclaim, and, for that reason, the notice of deficiency should be withdrawn and rescinded by Defendant. Taxpayers argue that a claim for additional taxes for the years involved in this action is in the nature of a compulsory counterclaim within the purview of Rule 13(a) Fed.R.Civ.P. This rule provides in its pertinent part: "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The fallacy with this reasoning is Defendant's claim does not ripen into an enforceable claim until the assessment is made. The Director must take certain procedural steps before an assessment of delinquent taxes can be made. The initial step is the issuance of a notice of deficiency, which Defendant has done in this case. After the issuance of the notice Taxpayer is afforded a period of ninety days thereafter within which to file a petition with the Tax Court for a redetermina-

---

ficiency in respect of any tax imposed by subtitle A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

&ast;    &ast;    &ast;    &ast;    &ast;

(c) Further deficiency letters restricted.—

(1) General rule.—If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary or his delegate shall have no right to determine any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar year, or of estate tax in respect of the taxable estate of the same decedent, except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b) (1) (relating to mathematical errors), or in section 6861(c) (relating to the making of jeopardy assessments)."

4. The court said, at pages 481–482:
   " * * * Without reaching the question of whether the responses by the IRS to the estate's requests for identification of the 'clearly defined error' were in fact sufficient, we must hold that the IRS was not required by the Revenue Procedures to identify the error for which the informal conference agreement was rejected. It is clear that the above quoted Revenue Procedure is directory, not mandatory, and the IRS's alleged failure to sufficiently identify the error can not affect its right to assert a deficiency against the estate. See Geurkink v. United States, 354 F.2d 629 (7th Cir. 1965) ; Luhring v. Glotzbach, 304 F.2d 560 (4th Cir. 1962). Whatever deficiencies there may have been in the identification of the 'clearly defined error' for which the agreement was rejected, the IRS was not foreclosed from rejecting the agreement by its own Revenue Procedures."

5. Merten's Law of Federal Income Taxation, § 601.105, at 43.

tion of the deficiency. If the Taxpayer elects to file a petition with the Tax Court an assessment cannot be made until the decision of the Tax Court has become final. If the Taxpayer does not elect to file a petition with the Tax Court, the assessment cannot be made until the aforesaid period of ninety days has expired. Restrictions applicable to deficiencies are contained in 26 U.S.C.A. § 6213.[6] It is, therefore, apparent that, as of this date, Defendant does not have a claim against the Taxpayers which can be the subject of a counterclaim, compulsory or permissive.

■ Taxpayers also contend that the Director issued the notice of deficiency at the request and under the direction of the Justice Department. Thus, Taxpayers reason that the act of the Director in issuing the notice violates the provisions of 26 U.S.C.A. § 6406, since the notice was initiated by the Justice Department.[7]

The Justice Department is affording legal counsel for the Internal Revenue Service in this action and as such is in charge of the Government's defense. Section 6406 does not, in the court's opinion, prohibit attorneys in the Department of Justice who are charged with the responsibility of representing the Government's interest in the action sub judice from counseling with the Secretary or his delegate, nor prohibit the Secretary or his delegate from acting upon such advice.

At any rate, the notice of deficiency was issued by the Secretary or his delegate and was not issued by the Justice Department.

The legislative history of Section 6406 compels the conclusion that the section was inserted in the tax law to prevent review of final actions on claims for refund in the office of the Controller General after such claims had been passed upon in the Treasury Department.[8]

---

6. The pertinent parts of 26 U.S.C.A. § 6213 are:

"(a) Time for filing petition and restriction on assessment.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

\* \* \* \* \*

(c) Failure to file petition.—If the taxpayer does not file a petition with the Tax Court within the time prescribed

in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary or his delegate."

7. 26 U.S.C.A. § 6406, provides:

"§ 6406. Prohibition of administrative review of decisions.

In the absence of fraud or mistake in mathematical calculation, the findings of fact in and the decision of the Secretary or his delegate upon the merits of any claim presented under or authorized by the internal revenue laws and the allowance or nonallowance by the Secretary or his delegate of interest on any credit or refund under the internal revenue laws shall not, except as provided in subchapters C and D of chapter 76 (relating to the Tax Court), be subject to review by any other administrative or accounting officer, employee, or agent of the United States."

8. The purpose and intent of the section is made clear by the legislative history of the section:

" \* \* \* (Senate Hearings before the Committee on Finance on H.R. 8245, 67th Cong., 1st Sess., pp. 299–300):

The Chairman. If there is no objection, Dr. Adams will insert that amendment in the bill.

The court is of the opinion that Section 6406 does not prohibit the issuance of the deficiency notice involved in this action.

The court considers without merit Taxpayers' argument that defendant is equitably estopped to issue the notice of deficiency because the notice was not timely issued, or that the issuance thereof was unreasonable, arbitrary, capricious and wholly divergent from treatment prescribed for taxpayers in the published position of the Internal Revenue Service. The facts as reflected by the record in this action do not support the argument that the Secretary or his delegate should be estopped from the issuance of the notice.

Additionally, Taxpayers contend that 26 U.S.C.A. § 7421(a) (prohibiting suit to restrain assessment or collection of taxes) is not applicable because the injunction sought herein is not a suit within the meaning of the section.[9] Taxpayers argue that since the court has jurisdiction of this controversy pursuant to 28 U.S.C.A. §§ 1340, 1346(a) (1) and 1346(c), injunctive procedure is ancillary to the pending action.[10]

In the consideration of Taxpayers' contention that it is necessary for the court to restrain defendant from the issuance of the notice in question in order that the court may preserve its jurisdiction over the action, the court focuses its attention on 26 U.S.C.A. § 7422(e).[11]

---

Dr. Adams. I have a new provision with relation to claims for refund of taxes in the Treasury Department. It is a thing that you can pass judgment upon very quickly. The proposition is this: The new budget practically gives the right to a final determination on all claims against the Government. It puts it in the hands of the Controller General. He has the final say on all claims. The question is whether you want him to have the final say on all these technical tax questions. In other words, you have a bureau up there which costs five, six, seven, or eight million dollars a year. It is technical in the highest extreme. I can not think of the Controller General performing that work satisfactorily without duplicating the machinery already provided.

I have a suggested amendment to go on page 310, line 5. It is a copy of the language of similar acts, and it reads as follows:

'In the absence of fraud or mistake in mathematical calculation the finding of facts in and the decision of the commissioner upon (or, in case the Secretary of the Treasury is authorized to approve the same, the decision of the commissioner or the Secretary upon) the merits of any claim presented under or authorized by the internal-revenue laws, shall not be subject to review by any administrative officer, employee, or agent of the United States.'

Senator Reed. I think that it [is] (sic) all right."

9. 26 U.S.C.A. § 7421(a) provides:
"(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), and 7426

(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

10. 28 U.S.C.A. § 1340 provides:
"§ 1340. Internal Revenue; customs duties.

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court. June 25, 1948, c. 646, 62 Stat. 932."

28 U.S.C.A. § 1346(a) (1) provides:
"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;"

28 U.S.C.A. § 1346(c) provides:
"(c) The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section."

11. See n. 1.

Analyzing Section 7422(e) and applying the section to the action sub judice the issuance of the notice does not, in the opinion of the court, ipso facto deprive the court of jurisdiction. Provision is made in the section for a stay of the action while the taxpayers select the forum in which they desire to litigate their grievances with the Government.

The Taxpayers have the right within 90 days after the mailing of the notice by the Director to file a petition with the Tax Court for redetermination of the deficiency to which the notice relates (26 U.S.C.A. § 6213(a)). Should the Taxpayers exercise this right, Section 7422(e) provides that this court will lose jurisdiction of the action, whereupon the entire controversy will be resolved by the Tax Court. If the Taxpayers fail to file the petition with the Tax Court within the time permitted, Defendant will proceed to make the assessment. In the latter case this court will retain jurisdiction of the action. The action, however, is stayed during the period of time in which Taxpayers may file the petition with the Tax Court and for a period of 60 days thereafter.

■ In sum, the Taxpayers may litigate their differences with defendant in the Tax Court, or in this action at their election. The court is of the opinion that it does not possess the authority to issue the injunction requested by plaintiffs in the face of Section 7421(a) in order to preserve its jurisdiction.

Taxpayers contend that the facts and circumstances of this case bring it within the exception to Section 7421(a) established by the Supreme Court of the United States in Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). The exception to Section 7421(a) established in *Miller* was discussed and approved in Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L. Ed.2d 292. In *Enochs* the court said:

"The object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes. * * *

* * * * * *

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.' Id., 284 U.S. at 509, [52 S.Ct. at 263].

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. * * * *" 12

■ In order to bring themselves within the exception established in *Miller*, Taxpayers must clearly show that under no circumstances can the Government ultimately prevail on the deficiency assessment to which the notice relates. It is clear to the court that Taxpayers have not and cannot make this showing.

Additionally, Taxpayers must also show grounds for equitable relief. The Taxpayers contend that they will suffer irreparable injury by the issuance of the notice. They cite in support of this proposition the long period of time during which their financial affairs have

12. 370 U.S. at 5–7, 82 S.Ct. at 1128–1129, 8 L.Ed.2d at 295–297.

been under scrutiny by Defendant, the extensive trial preparation and its attendant expense to which they have been subjected, the death of individuals having knowledge of pertinent facts involved in the controversy, the fading of memories by living potential witnesses and the delay in the trial of the case. While justice requires that the issues and controversy between the parties should be determined as quickly as possible, the court does not believe that the facts reflected by this record show the Taxpayers will suffer such irreparable injury as will justify injunctive relief of the nature sought.

Taxpayers propose that the court should hold that Section 7422(e) does not apply to joint notice, such as has been issued in this case. This proposal is bottomed on the argument that in the case of a joint notice the Taxpayers could very well split the cause of action by one of the Taxpayers filing a petition in the Tax Court, leaving the cause pending as to the other in the District Court. Such a situation has not arisen in the case sub judice and the court sees no good reason why the court should respond to a factual situation that does not exist in the case under consideration.

Taxpayers contend that Section 7422(e) is unconstitutional because the section violates the due process clause of the Fifth Amendment and is vague, uncertain, indefinite, unreasonable and arbitrary.

■ The cardinal principle of statutory construction is to save and not destroy the statute. United States v. Menasche, 348 U.S. 528, 75 S.Ct. 513, 99 L. Ed. 615 (1955). In construing the statute, the court should give effect to all statutes on the same subject. Rosenburg v. United States, 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607, rec. den., 346 U.S. 324, 73 S.Ct. 1178, 97 L.Ed. 1634 (1953); Hunter v. Erickson, 393 U.S. 385, 89 S.Ct. 557, 21 L.Ed.2d 616 (1969).

■ Applying these principles to Section 7422(e), the court cannot find that the section is unconstitutional when considered in the light of other statutes on the same subject matter.

This brings the court to the final issue for determination. The court has held herein that the notice of deficiency is not being rescinded. If Taxpayers exercise the right to file a petition with the Tax Court for redetermination of the deficiency, this court will lose jurisdiction of the action. The notice of deficiency relates to the same taxable years as are involved in the action sub judice. In such event the Tax Court will have jurisdiction to determine the correct amount of taxes due by Taxpayers for the taxable years involved.

■ If Taxpayers do not elect to file a petition in the Tax Court the Director will proceed to make an additional assessment of taxes pursuant to the notice of deficiency. It is the court's judgment and the court so holds that Defendant must thereupon counterclaim in this action for the additional taxes assessed for the taxable years in question against Taxpayers. Once the assessment is made the claim of the Defendant against the Taxpayers for the additional taxes represented by the assessment becomes subject to the compulsory counterclaim within the purview of Rule 13(a) Fed.R.Civ.P. The court recognizes that Section 7422(e) provides, inter alia, "The United States *may* counterclaim in the taxpayer's suit." (Emphasis added). 28 U.S.C.A. § 1346(c) provides: "The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section." The Defendant is bound by this rule to the same extent as any other litigant.[13] All issues affecting the tax liability of Taxpayers for the taxable years in question should be settled in one action. The result of that action will constitute

13. See United States v. Paddock, 187 F.2d 271, 277 (5 Cir. 1951).

res judicata to any other action by either party which involves the tax liability of Taxpayers for the tax years in question. See United States v. C. C. Clark, Inc., 159 F.2d 489, 490 (5 Cir. 1947).

The court will enter an order denying motion of Plaintiffs for injunctive relief and granting a stay of the action for the period above indicated.