GOUDCHAUX'S, INC.

v.

WOHL SHOE COMPANY, INC.

Civ. A. No. 82–1227.

United States District Court,
E. D. Louisiana.

June 9, 1982.

Victor A. Sachse, III, Breaseale, Sachse & Wilson, Baton Rouge, La., for plaintiff.

Paul B. Deal, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La., Daniel R. O'Neill, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

CHARLES SCHWARTZ, Jr., District Judge.

The Court having been advised that the order transferring the matters filed in the Eastern District of Missouri, which previously made the motions pending in this case moot, has been revoked *sua sponte*, now rules as follows on defendant's Motion for Stay, or alternatively, for Dismissal, and defendant's Motion for Transfer.

■ The basis of defendant's motion for stay is that the claim asserted in this action is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure and as such the present action by Goudchaux's must be stayed pending disposition of the Missouri case, or dismissed. The test relied upon by the Fifth Circuit for determining whether a compulsory counterclaim exists is the "logical relation" test. *Plant v. Blazer Financial Services, Inc. of Ga.*, 598 F.2d 1357 (5th Cir. 1979). It is a loose standard which permits "a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Plant*, supra, at 1361. The Fifth Circuit has further defined a "logical relation" as existing when the counterclaim arises from the same aggregate of operative facts in that the same operative facts serve as the basis of both claims or activate additional legal rights, otherwise dormant, in the defendant. *Revere Copper & Brass v. Aetna Casualty & Surety Co.*, 426 F.2d 709 (5th Cir. 1970), *United States v. Aronson*, 617 F.2d 119 (5th Cir. 1980).

■ The suit filed by Goudchaux's, when placed in the context of the logical relation test, does not satisfy the test's requirements. The legal issues involved are separate, and the aggregate of operative facts are distinguishable. Wohl is seeking an order in Missouri for determination of its rights under its contract with City Stores. Goudchaux's seeks only possession of its stores via eviction proceedings under Louisiana law. City Stores is an additional party in the Missouri litigation; it is not a party in the Louisiana suit. Goudchaux's alleges that it did not and has not assumed the license agreement that is the subject matter of the Wohl/City Stores case. Goudchaux's alleges that it gave notice to Wohl on January 23 and 29, 1982; Wohl, knowing that it faced possible eviction, filed suit in Missouri on February 4, 1982. Under the City Stores contract, Goudchaux's had to wait at least 30 days from the date

of notice of termination before it could act; Goudchaux's further states that it could not begin eviction proceedings until at least it had possession of the stores. Eviction notices were received by Wohl on March 1 and 2, 1982 pursuant to La.C.C.P. Art. 4701. Goudchaux's alleges that Wohl, taking advantage of the 30 days delay forced upon Goudchaux's by its contract with City Stores, filed its suit in a foreign forum wherein Louisiana law relating to eviction might not be applied as expeditiously. Goudchaux's further alleges that there exist serious questions of venue, convenience of forum and validity of service of process in the Missouri litigation.

Wohl was unable to refute any of the above factual assertions; it thus appears that the Missouri suit is an attempt to preempt Goudchaux's imminent suit for possession by its filing for a federal declaratory judgment. Plus, as Goudchaux's so aptly points out, any right that Wohl may have against Goudchaux's under Wohl's license agreement can certainly be raised as a defense in the eviction proceeding.

■ "A counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. When multiple claims involve many of the same factual issues or the same factual and legal issues ... fairness and considerations of convenience and economy require that the counterclaimant be permitted to maintain his cause of action." *Jones v. United States Dept. of Housing & Urban Dev.*, 68 F.R.D. 60, 63 (E.D.La.1975), citing *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631 (3rd Cir. 1961). In *Jones*, Judge Rubin held that the counterclaim for back rent differed greatly from the main claim which sought damages and injunctive relief to prevent demolition of buildings in a federally subsidized low income apartment project. It would entail hearing new witnesses on new issues and where separate trials of the parties' claims would involve substantially different issues and efforts by the parties and the court, the

counterclaim is not compulsory. *Jones*, supra at 64, *Diamond v. Terminal Railway Alabama State Docks*, 421 F.2d 228 (5th Cir. 1970).

The holding of *Jones* is on point here; the claim of Goudchaux's arises out of a property right existing in Louisiana. Disposition of that claim involves differing legal issues than the claim by Wohl against City Stores and Goudchaux's. The Missouri court does not have ancillary jurisdiction over the claim brought in this Court by Goudchaux's against Wohl.

■ Even were we to find that an aggregate of operative facts existed, the facts as presented would not permit a compulsory counterclaim. This is due to the applicability of one of the express exceptions to the compulsory counterclaim requirement, which is that the party need not assert a counterclaim that has not matured at the time the pleading is served. The claim must exist at the time of serving the pleading. *Goldlawr, Inc. v. Shubert*, 268 F.Supp. 965 (D.C.Pa.1967), 6 Wright & Miller, *Federal Practice & Procedure*, Section 1411. Since the claim by Goudchaux's against Wohl for eviction had not matured at the time Wohl filed its suit, the exception would apply.

■ Since we determine that there is no compulsory counterclaim under Rule 13(a) it must be determined if the filing of the first suit in Missouri should take precedence over the Louisiana suit. The general rule is to determine priorities between pending actions on the basis of dates of filing. But this rule is not to be applied mechanically. *Brierwood Shoe Corporation v. Sears & Roebuck Co.*, 479 F.Supp. 563 (S.D.N.Y.1979). "The first filed action should not have priority when little if anything has been done to advance it for trial, and the balance of convenience favors the forum in which the latter suit is commenced." *Brierwood*, supra, at 568, and cases cited therein. Goudchaux's should not be denied its right to litigate a suit involving Louisiana property simply because it was constrained from filing suit by law until after Wohl had filed the suit in Missouri.

In reviewing the considerations that would dictate overruling the general rule, the most important factor is that the property in question is located in Louisiana. A local action must be commenced in the district where the property is located. Moore, *Federal Practice* Section 142. Whether an action is local or transitory must be examined in the light of the law of the forum state. 15 Wright & Miller, *Federal Practice & Procedure*, Section 3822. Actions involving immovable property shall be brought in the parish where the property is located. La.C.C.P. Art. 80.

Goudchaux's raises the rule of venue in support of its contention that Wohl seeks to transfer the case to Missouri "away from the locality of the real property, away from a locality where both parties are authorized to do business, away from all of the witnesses pertinent to the litigation, and away from a judge and jurisdiction familiar with the unique nuances of Louisiana law." This contention is well-founded. The factors involved militate that this case remain in this forum. Louisiana law provides for an expeditious method of eviction. (La.C.C.P. Arts. 4701 et seq.) Goudchaux's should not be denied the protection of the laws of Louisiana simply because it was precluded from filing suit by those same laws until after Wohl had filed in Missouri. Wohl should not be permitted to benefit simply because it won the "race to the courthouse." Accordingly,

IT IS ORDERED that defendant's motions to stay or dismiss or transfer are DENIED.