PER CURIAM:
 

 The issue in this appeal is whether the district court erred in dismissing
 
 with prejudice
 
 appellant Republic Health Corporation’s (“Republic”) complaint against appel-lees Hialeah Hospitals, Inc. (“Hialeah”), Associated Medical Institutions, Inc. (“Associated Medical”), and Lifemark Hospitals of Florida, Inc. (“Lifemark”), on the ground that Republic’s complaint constituted a compulsory counterclaim to a prior action instituted by Hialeah against Republic. We conclude that the district court did err in dismissing appellant’s complaint with prejudice. Under the facts of this case, Republic’s complaint against appellees could not have been asserted as a compulsory counterclaim in the prior case. Moreover, because of the unique relationship between the district and the bankruptcy courts, the complaint should not have been dismissed with prejudice. Accordingly, we reverse.
 

 I. STANDARD OF REVIEW
 

 As an initial matter, we agree with appellant that the appropriate standard of review is whether the district court erred as a matter of law in dismissing appellant’s complaint pursuant to Rule 13(a) of the Federal Rules of Civil Procedure.
 
 [1]
 

 See Xerox Corp. v. SCM Corp.,
 
 576 F.2d 1057, 1058 n. 1 (3d Cir.1978). A determination of whether a counterclaim is compulsory is not discretionary; rather, such a determination is made as a matter of law.
 

 II. BACKGROUND
 

 Republic is attempting to enter the general acute care hospital business in Dade County, Florida. Pursuant to that objective, it sought to purchase an exemption from the Certificate of Need Laws (the “Exemption”) from King Memorial Hospital, Inc. and Florida Hospital Group, Inc. (“King”). King filed for bankruptcy in the Southern District of Florida on October 7, 1979. The Bankruptcy Court approved the offer to purchase the Exemption by Republic from the co-trustees of the bankrupt King on December 16, 1983. On May 31, 1984, Hialeah filed an adversary proceeding in the Bankruptcy Court against Republic and the co-trustees of King, seeking a judgment declaring the agreement to purchase the Exemption invalid. The trial of Hialeah’s lawsuit began on August 7, 1984 and concluded on August 28, 1984. On October 3, 1984, the Bankruptcy Court entered findings of fact and conclusions of law, denying relief to Hialeah.
 

 Prior to the trial of the Hialeah suit in Bankruptcy Court,
 
 [2]
 
 Republic filed the instant complaint in the District Court of the Southern District of Florida. This complaint alleged, among other things, that opposition to Republic’s purchase of the Exemption by Hialeah constituted illegal anti-competitive practices, in violation of federal and state anti-trust laws. On October 5, 1984, just two days after the Bankruptcy Court made its decision, the district court granted Hialeah’s motion to dismiss with prejudice, on the ground that Republic’s complaint was a compulsory counterclaim, which should have been asserted in the Bankruptcy Court.
 

 III.THE LAW
 

 We begin our review of this case with the proposition that “[dismissal with prejudice is a severe sanction which should only be used in extreme circumstances.”
 
 Ramsey v. Signal Delivery Service, Inc.,
 
 631 F.2d 1210, 1214 n. 5 (5th Cir.1980). It has been described as a “sanction of last resort,”
 
 State Exchange Bank v. Hartline,
 
 693 F.2d 1350, 1352 (11th Cir.1982), gener
 
 *1455
 
 ally “reserved for cases of willful disobedience to court orders.”
 
 Id.
 

 With these precepts in mind, we turn to the district court’s application of Rule 13(a) to the instant facts. Rule 13(a) defines a compulsory counterclaim as any claim that “arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim.” This court’s predecessor adopted the “logical relationship” test for determining whether a counterclaim was compulsory.
 
 See United States v. Aronson,
 
 617 F.2d 119, 121 (5th Cir.1980).
 
 [3]
 
 Under this test, there is a logical relationship when “the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.”
 
 Plant v. Blazer Financial Services, Inc.,
 
 598 F.2d 1357, 1361 (5th Cir.1979). We conclude that the instant complaint and Hialeah’s adversary proceeding in the Bankruptcy Court did not arise out of the “same operative facts.”
 

 Hialeah’s suit in the Bankruptcy Court focused on a narrow issue: Republic’s legal right to purchase King’s Exemption. Republic’s complaint, however, contains a wide range of allegations, dealing, with appellees’ alleged efforts to thwart Republic’s entry into the acute care market. The instant complaint, therefore, goes far beyond the discrete issue the Bankruptcy Court was asked to decide. Moreover, there is some question as to the status of Republic in the Bankruptcy proceedings in the King litigation. The controversy at bar is solely between Republic and Hialeah, neither of which were even a creditor of the bankrupt King. King had no interest in who would be granted the Exemption, other than to obtain the best price for the benefit of the creditors. Therefore, whether the Bankruptcy Court had the ability to hear Republic’s claim is not at all certain. In any event, the fact that all of Republic’s claims “at bottom” related to Republic’s efforts to build a hospital does not constitute a sufficient logical relationship under Rule 13(a) so as to make Republic’s complaint a compulsory counterclaim.
 

 The procedural history of this case highlights the unique relationship between the district courts and the bankruptcy courts. The latter function as an adjunct of the former. Both matters were pending simultaneously. Appellees’ motion to dismiss was filed in August of 1984. Opposing memoranda were filed during August and September of 1984. Had the district judge felt the claim more properly belonged in the Bankruptcy Court, he could have so ordered or transferred such. Certainly, fundamental fairness would have required some course of action other than dismissal with prejudice.
 

 Accordingly, the district court’s order is REVERSED.
 

 [1]
 

 . Appellees contend that we should apply an abuse of discretion standard.
 

 [2]
 

 . Republic’s complaint was filed on July 23, 1984.
 

 [3]
 

 . The Eleventh Circuit, in the
 
 en banc
 
 decision
 
 Bonner v. City of Prichard,
 
 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.