**Manette Ann MERRITT, Plaintiff,**

v.

**JAY PONTIAC–GMC TRUCK, INC., et al., Defendants.**

**Civil Action No. 96–D–406–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

Sept. 23, 1996.

Russell K. Bush, Opelika, AL, for Plaintiff.

Richard A. Childs, Columbus, GA, James R. McKoon, Jr., Phenix City, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is now before the court on the defendant's motion to transfer venue to the Middle District of Georgia, Columbus Division, filed May 15, 1996. Plaintiff responded with a memorandum brief in opposition on May 31, 1996. Defendant then filed a reply to plaintiff's memorandum in opposition on June 17, 1996, to which plaintiff replied on August 26, 1996. After careful consideration

of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the defendant's motion to transfer venue to the Middle District of Georgia, Columbus Division, is due to be granted.

## PROCEDURAL HISTORY AND FACTS

On February 7, 1996, plaintiff Manette Ann Merritt ("Merritt") brought this action in the Circuit Court of Russell County, Alabama, against defendant Jay Pontiac–GMC Truck, Inc., ("Jay") alleging breach of contract, negligence, fraud in the inducement, suppression, misrepresentation, and breach of warranty. These claims arise from an agreement between Merritt and Jay for the repair of Merritt's automobile. Merritt claims that Jay made substandard repairs and failed to make the agreed upon repairs as specified in the "Automobile Damage Appraisal." Pl.'s Compl. at 3–5. Jay subsequently removed the instant action to this court on March 6, 1996. Thereafter, Jay filed this motion to transfer venue to the Middle District of Georgia, Columbus Division.

Merritt was a resident citizen of Alabama at all times material to the issues set forth in her action. Pl.'s Compl. at 1. It is undisputed, however, that Merritt no longer resides in Alabama.[1] *See* Pl.'s Aff. at 3 (May 29, 1996). Moreover, it is undisputed that the Defendant, its documents and its primary witnesses reside in Columbus, Georgia, and that the repairs in contention were made in Columbus, Georgia. *See* Br. in Supp. of Def.'s Motion to Transfer Venue at 5; Pl.'s Brf. in Supp. of Pl.'s Opp'n to Def.'s Mot. to Transfer Venue at 1, 4. Merritt, on the other hand, intends to call a number of witnesses from the Auburn–Opelika, Lee County, Alabama area. Pl's Brf. in Supp. of Pl.'s Opp'n to Def.'s Mot. to Transfer Venue at 6.

Plaintiff also states that the automobile in question is stored in Opelika and that she is unable to drive it a great distance for purposes of trial. Pl.'s Aff. at 3 (May 29, 1996).

Merritt contends that Alabama law governs some, if not all, of her claims. Pl.'s Brf. in Supp. of Pl.'s Opp'n to Def.'s Mot. to Transfer Venue at 7. Specifically, she claims that Alabama law of fraud ought to govern because the contract was consummated and the initial fraud inducement was made through a telephone communication received by her (via her insurance agent working out of Columbus, Georgia) while she was residing in and physically present in the state of Alabama. *Id.* She also claims that she relied upon the alleged misrepresentations in the State of Alabama and incurred damages in the state of Alabama. *Id.*

Jay, however, contends that Georgia law will govern the substantive issues in the instant case because all significant occurrences giving rise to the claim occurred in Columbus, Georgia.[2] Def.'s Reply Br. in Support of Mot. to Transfer at 10. Specifically, Jay argues that it has only had two contacts with the state of Alabama in the form of two telephone calls with Merritt's insurance agent and that this does not constitute purposeful availment or minimal contacts. *Id.* at 3–6. Moreover, Jay argues that the phone calls were only made for the specific purpose of conducting activities in Georgia. *Id.* at 7. Consequently, Jay asserts that Georgia law governs this action. Def.'s Br. in Supp. of Def's Mot. to Transfer at 5.

## DISCUSSION

■ 28 U.S.C. Section 1404(a) allows a district court to transfer any civil action to a district where it might have been brought to

---

1. Merritt contends that although she no longer resides in Alabama, for purposes of pre-trial preparation and during actual litigation, she will be staying with friends in the Auburn–Opelika area and will be dependent upon those friends for transportation. Pl.'s Mem. in Opp'n to Def.'s Mot. to Transfer Venue. Although not explicitly stated by either party, it appears that Merritt is currently residing in or near Bethlehem, Northampton County, Pennsylvania. Pl.'s Aff. (May 29, 1996) at 4.

2. Jay also objects to the exercise of personal jurisdiction of an Alabama court over it, stating that it has not waived its objection by removing this matter to federal court. *See* Def.'s Reply Br. in Supp. of Motion to Transfer at 5. Because the parties have not properly briefed the issue and because the court is transferring this matter to the Middle District of Georgia, Columbus, Division, the court finds it is unnecessary to reach the issue of personal jurisdiction.

promote the convenience of the parties and witnesses and the interests of justice. "28 U.S.C. Section 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Prather v. Raymond Constr. Co.*, 570 F.Supp. 278, 284 (N.D.Ga. 1983); *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir.1993), *cert. denied*, 513 U.S. 814, 115 S.Ct. 69, 130 L.Ed.2d 24 (1994).

■ Under normal circumstances, federal courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which the plaintiff resides. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The court faced with a motion to transfer must engage in "an individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). A district court may properly transfer a case to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive.'" *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982).[3] More importantly to this case:

> [W]here the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, "to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor."

*Prather*, 570 F.Supp. at 284 (quoting *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F.Supp. 761, 763 (D.Del.1975)).

■ The most important factor in passing on a motion to transfer under section 1404(a) is the convenience of the witnesses. *Hupp v. Siroflex of America, Inc.*, 848

F.Supp. 744, 749 (S.D.Tex.1994). Merritt chose Russell County, Alabama, as the appropriate forum for her action. The court notes that the Russell County, Alabama, courthouse is approximately one mile from the federal courthouse in Columbus, Georgia. The present forum, on the other hand, is the federal courthouse in Opelika, Alabama, which is nearly thirty miles from the Russell County, Alabama, courthouse. The court finds Merritt's claims of inconvenience for herself and her witnesses unpersuasive in light of her original filing of this action in Russell County, Alabama. Therefore, the court finds that the federal courthouse in Columbus, Georgia, is the federal forum that would most appropriately parallel Merritt's original choice of forum.

Additionally, in the instant action, the principal defense witnesses (i.e., the employees of the defendant corporation) reside in Columbus, Georgia, and records of the repair made the cause of Merritt's action are also located in Columbus, Georgia. Based on these facts, there certainly is no question that the Columbus, Georgia, forum would be the most convenient for the defense witnesses. *Ross*, 980 F.2d at 654–55 (holding that in an employment discrimination action, the court properly transferred a case to the venue in which the employer's plant, employment records, and probable witnesses were located); *Intergraph Corp. v. Stottler, Stagg & Assocs., Inc.*, 595 F.Supp. 976 (N.D.Ala.1984).

Finally, the court notes that based on initial showings by both parties, it appears that Georgia law will indeed govern most, if not all, of Merritt's claims. As such, "there is an appropriateness ... in having the trial of a diversity case in a forum that is at home with the state law that must govern the case rather than having a court in some other forum untangle the problems in conflicts of laws and in law foreign to itself." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *see also Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns*, 689 F.2d 982, 991 (11th Cir.1982). Because both parties have not

---

**3.** Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prich-*

*ard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

formally briefed the issue of choice of law, the court reserves ruling and defers to the Middle District of Georgia, Columbus Division, on that issue pursuant to Plaintiff's request for such reservation.

Based on the foregoing factors, the court finds that the interests of justice and the convenience of the parties require that this case be transferred to the Middle District of Georgia, Columbus Division.

## CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that the defendant's motion to transfer be and the same is hereby GRANTED to the extent that this cause is transferred to the United States District Court for the Middle District of Georgia, Columbus Division.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate said transfer.