**Michael MOLNOSKI, Plaintiff,**

v.

**James BATMASIAN and Marta Batmasian, Defendants.**

**Case No. 16–cv–81789–BLOOM/Valle**

United States District Court, S.D. Florida.

Signed 03/31/2017

Chris Kleppin, Glasser & Kleppin, P.A., Plantation, FL, for Plaintiff.

Roderick Flynn Coleman, Coleman & Associates, Boca Raton, FL, for Defendants.

## ORDER ON MOTION TO DISMISS COUNTERCLAIM ·

BETH BLOOM, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court upon Plaintiff Michael Molnoski's ("Plaintiff") Motion to Dismiss Counterclaim, ECF No. [19] (the "Motion"), seeking to dismiss Defendants James and Marta Batmasian's ("Defendants") Counterclaim contained in the Answer, ECF No. [11] ("Ans."). The Court has carefully reviewed the Motion, all supporting submissions, the applicable law, and the record in this case. For the reasons discussed below, the Motion is granted.

## I. Background

Plaintiff asserts a claim against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, ECF No. [1] ("Compl."). He alleges that Defendants denied him overtime compensation for hours worked in excess of forty (40) in each work week. Compl. at ¶ 52. In response, Defendants assert twenty-four (24) affirmative defenses and a counterclaim for conversion. Ans. at 4–9. Defendants' counterclaim alleges that Plaintiff, during his employment, converted to his own use air handlers, condensing units, a 20 ton chiller, and other property of Defendants for monetary gain. *Id.* at 9. Plaintiff seeks to dismiss Defendants' counterclaim arguing that a claim for common law conversion is improper in an action brought under the FLSA. Motion at 5–10. Plaintiff also contends that the counterclaim is not compulsory, and therefore, that the Court should decline to exercise supplemental jurisdiction. *Id.* at 10–14. Furthermore, in the alternative, Plaintiff asserts that Defendants' counterclaim

should be dismissed on the ground that it fails to state a claim on which relief could be granted. *Id.* at 14. Defendants did not file a Response to Plaintiff's Motion.

## II. Legal Standard

In this district, courts have allowed defendants to properly raise counterclaims for conversion, where the plaintiff's theft or conversion directly placed the amount of compensation at issue. *See Garcia v. Nachon Enter., Inc.*, 2016 WL 1077107, at *2 (S.D. Fla. Mar. 18, 2016) (stealing and being paid for hours not worked); *Rivero v. Lefeld & Son, LLC.*, 2014 WL 2095219, at *4 (S.D. Fla. May 20, 2014) (submitting false time cards); *Morera v. Ruiz*, 2013 WL 12148558, at *1 (S.D. Fla. July 10, 2013) (being overcompensated after cashing unauthorized checks). However, state-law counterclaims for conversion are improper in an FLSA case when they do not stem from the employer/employee relationship which "implicate[s] the number of hours worked or payment received." *Bautista v. The Disc. Warehouse, Inc.*, 2016 WL 1028358, at *2 (S.D. Fla. Mar. 15, 2016); *Leite v. Tremron*, 2012 WL 4049962, at *3 (S.D. Fla. Sept. 13, 2012) (counterclaims formed part of the same case or controversy "where [they] involved questions regarding the plaintiff's employment status and number of hours worked.").

To determine whether a counterclaim is compulsory, the Eleventh Circuit applies the "logical relationship" test. *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). This inquiry involves considering whether "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activate additional legal rights, otherwise

dormant, in the defendant." *Id.* Specifically, with respect to an action under FLSA, "[t]he Eleventh Circuit is 'hesitant to allow employers to assert state-law counterclaims against employees.' " *Perez v. Elite Imaging, LLC*, 2017 WL 666108, at *2 (S.D. Fla. Feb. 17, 2017) (quoting *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016). Therefore, the Court will only exercise supplemental jurisdiction over a state-law counterclaim where it relates to the elements of a plaintiff's FLSA claim. *Id.*

## III. Discussion

Through this lens, the Court considers whether the Defendants' state-law counterclaim for conversion is proper, and whether the Court should exercise jurisdiction over it. Since Defendants' counterclaim does not arise under federal question or diversity jurisdiction, the Court's exercise of jurisdiction depends on whether the counterclaim is "part of the same case or controversy" as required for supplemental jurisdiction. 28 U.S.C. § 1367(a). A claim is part of the same case or controversy, if it "derives from a common nucleus of operative fact." *Upper Chattahoochee Riverkeeper. Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Furthermore, the Federal Rules provide that if a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[,]" then the claim is compulsory, and must be brought as a counterclaim. Fed. R. Civ. P 13(a).

Applying the "logical relationship" test to the facts of this case, Defendants' counterclaim fails to meet this standard. Plaintiff's FLSA action alleges that

Defendants failed to pay him overtime compensation. Compl. at ¶ 52. Defendants' counterclaim states that, during the term of his employment, Plaintiff allegedly converted to his own use Defendant's air handlers, condensing units, a 20 ton chiller, and other property for monetary gain. Ans. at 9. While Plaintiff's claim involves proof of overtime hours worked and unpaid wages owed, Defendants' counterclaim involves proof of theft and converted property. By failing to respond to Plaintiff's Motion, Defendants have provided no showing of how Plaintiff's theft or conversion directly relates to the amount of compensation. As such, both claims will involve distinct sets of facts, evidence, and witnesses, which have no common nucleus. Defendants' counterclaim simply does not stem from the employee/employer relationship that involves the number of hours Plaintiff worked. Moreover, the mere "temporal proximity [of the alleged act of conversion occurring during the term of Plaintiff's employment,] is not sufficient to meet the 'common nucleus of operative fact' test." *Cruz v. Winter Garden Realty, LLC*, 2012 WL 6212909, at *5 (M.D. Fla. Nov. 27, 2012).

The Court finds that Defendants' counterclaim does not arise from a common nucleus of operative facts and is not a compulsory counterclaim. *See, e.g., Perez*, 2017 WL 666108, at *3 (counterclaim alleging employee deleted and removed files was not a compulsory in FLSA case); *Perez v. South Florida Landscape Maintenance, Inc.*, 2014 WL 293774, at *2 (S.D. Fla. Jan. 23, 2014) (counterclaim alleging employee kept possession of a lawn mower after failing to make payments was not compulsory in a FLSA action); *Yeseren v. Cksingh Corp.*, 2010 WL 4023524, at *4 (M.D. Fla. Oct. 13, 2010) (counterclaim for alleged thievery and disloyalty had no

"common nucleus of operative facts" to the FLSA claim). Moreover, the Court declines to exercise supplemental jurisdiction over it.

## IV. Conclusion

For the foregoing reasons, it is **OR-DERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [19]**, is **GRANTED.**

**DONE AND ORDERED** in Miami, Florida, this 31st day of March, 2017.