**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10143

Non-Argument Calendar

_____

EMMET O'BRIEN,

*Plaintiff-Appellant,*

*versus*

PAUL FLICK,

SAMUEL CHAMBERLAIN,

*Defendants- Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cv-61529-MD

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Emmet O'Brien, proceeding *pro se*, appeals the district court's dismissal of his amended complaint with prejudice,

contending the district court erred by finding his claims were compulsory counterclaims that should have been raised in a prior lawsuit between the parties.  He also contends the district court abused its discretion by striking his motion for leave to file a sur-reply because he repeatedly failed to comply with the local rules.  After review,[1] we affirm.

## I.  DISCUSSION

### A.  Compulsory Counterclaims

Rule 13(a) provides a party "must" state as a counterclaim any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A).  "Compulsory counterclaims which are not brought are thereafter barred." *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 755 (11th Cir. 2002), *abrogated on other grounds by Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249 (11th Cir. 2010).

"The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *S. Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962).  Two claims arise out of the same transaction or

---

[1] We review *de novo* the dismissal of a plaintiff's complaint because it should have been presented as a compulsory counterclaim.  *See Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1379 (11th Cir. 1991).  We review a district court's application of local rules for abuse of discretion.  *See Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008).

25-10143                    Opinion of the Court                    3

occurrence when they bear a "logical relationship" to one another, or, in other words, when "the same operative facts serve as the basis of both claims." *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (quotation marks omitted).

The district court did not err in determining that O'Brien's claims were compulsory counterclaims. They share a logical relationship with the claims made in the lawsuits brought against O'Brien by the corporate entities of Paul Flick and Samuel Chamberlain.[2] Those claims dealt with the unraveling business relationship between No-H2O, O'Brien, Flick, and Chamberlain in December 2022. The deadline to raise counterclaims for these suits was October 2023 and November 2023, respectively. Although O'Brien describes some conduct of Flick and Chamberlain that allegedly occurred after these deadlines, his claims focus on their conduct internal to the No-H2O business and thus matured well before these deadlines. O'Brien fails to rebut the district court's finding that the underlying facts were known or would have been known to O'Brien through diligence before the counterclaim deadline. Further, AE Capital's voluntary dismissal of its claims against O'Brien did not relieve him of his obligation to assert those claims during this timeframe. *See Nippon Credit Bank, Ltd.*, 291 F.3d at 755.

O'Brien's remaining arguments are unavailing. First, the district court in *AE Capital* did not permit him to separately file the claims in the instant action. Instead, it stated that it "does not

---

[2] *AE Capital Group LLC v. No-H2O USA, Inc.* , No. 023-cv-60601-RS (S.D. Fla.); *Piccadilly Holdings II, LLC v. No-H2O USA, Inc.*, No. 23-cv-60978-DSL (S.D. Fla.).

decide whether O'Brien has valid, actionable claims." Second, the law does not support O'Brien's distinction between business-related claims and personal harm claims. Third, O'Brien's claim that equitable estoppel applies to the conduct of Flick and Chamberlain lacks support.

The district court did not err in dismissing O'Brien's complaint with prejudice because his claims share a logical relationship with two prior suits filed against him and should have been raised as counterclaims.[3]

### B.  Sur-Reply

Under Southern District of Florida Local Rule 7.1(a)(3), before filing a motion for leave to file a sur-reply, the moving party "shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3). The opposing party "shall cooperate and act in good faith in attempting to resolve the dispute." *Id.* If the parties are unable to resolve the dispute, the moving party must include a certificate of conference with their motion, detailing the efforts made to resolve the matter and the opposing party's position. *Id.*

---

[3] Because O'Brien's causes of action were compulsory counterclaims, we need not address the arguments regarding the district court's sanction of O'Brien by dismissing his amended complaint.

O'Brien fails to rebut the district court's finding that he repeatedly violated the conferral requirements, failed to take responsibility, and failed to declare his intent to comply moving forward. He also fails to elaborate on his good-faith efforts to comply with the conferral requirement, instead focusing on opposing counsel's alleged tactics. The district court did not abuse its discretion by striking O'Brien's motion.

## II.  CONCLUSION

The district court did not err in dismissing O'Brien's complaint with prejudice because his claims share a logical relationship with two prior suits filed against him and should have been brought as counterclaims. The district court also did not abuse its discretion by striking his motion for leave to file a sur-reply because O'Brien repeatedly failed to comply with conferral requirements, demonstrated no remorse for failing to do so, and provided no indication that he intended to comply moving forward.

**AFFIRMED.**